### WILLIAM MILLS *v.* CHARLES FOX.

Where a person, having claims to collect, employed a lawyer, agreeing to allow him two and one half per cent., if payment of a certain demand should not be effected, and twenty-five per cent. in case it should be collected, or in case the creditor should settle, compromise or receive the same, or in any way dispose thereof; *held,* that the mere receipt of the debtor's own notes, for the claim, without payment or security, did not entitle the attorney to the twenty-five per cent.

An attorney and client having entered into an agreement, wherein the latter stipulated to forfeit one hundred dollars to the former, in default of placing with him for collection, all of certain claims; *held,* that the sum named must be construed as a penalty, and not as liquidated damages.

The assignee of a cause of action is entitled to judgment thereon, although the assignment be without consideration, and a mere gift. (*a*)

THIS action was founded upon a special agreement, entered into between the defendant and an attorney at law. After reciting the possession by the defendant of claims against sundry persons, and also of a certain specified account against one Donohue, the agreement provided for the employment of Lincoln, the attorney, " to aid in the collection of the said claims and accounts, and to prosecute, ask, demand, sue

---

(*a*) See *Clark* v. *Downing*, 1 E. D. Smith, 406.

for, and in any manner collect and recover said claims, or to make reasonable effort for their recovery and collection." It was agreed, that the attorney should be allowed and paid, "for his professional services," a sum equal to twenty-five per cent. of all amounts collected or recovered, in suit or otherwise, by him, "or which may be collected or recovered by or through his agency or assistance, in whatever manner the same may be collected, received or recovered by him, or by said Fox (the defendant)." If such claims and accounts, or any part thereof, should not be collectable, or should not be collected or recovered upon demand or prosecution, Fox agreed to pay, notwithstanding, a sum equal in amount to ten per cent. for the claims first above mentioned, and two and one half per cent. for the account against Donohue. Fox further "agreed and guaranteed," that he would put said claims and accounts, within three months, into the hands of Lincoln for collection, and furnish all necessary evidence and facilities for prosecuting, collecting or recovering the same. "And in default of the true and faithful performance of any of the conditions and stipulations herein contained, the said Fox agrees to pay to the said Lincoln the sum of one hundred dollars, as damages therefor;" but the claim against Donohue was not to be prosecuted within eight months, unless otherwise directed. "And should the said claim and accounts against Donohue be settled, compromised or received by said Fox, or in any way disposed of within that time, or thereafter, in that event the same per centage thereon of twenty-five per cent. is to be paid to said Lincoln."

The plaintiff claimed moneys under the agreement, by virtue of a written assignment executed by Lincoln, expressing the consideration of one dollar. Being called as a witness, the assignor, upon cross examination, testified that the real consideration was two promissory notes of the witness held by the plaintiff, which the plaintiff promised to surrender to be cancelled. This promise remained to be performed, but the witness testified that the notes were

regarded and acknowledged as paid by the transfer of the claim now in suit, and that such transfer was unconditional.

After testifying to the collection and prosecution, respectively, of several accounts, the assignor stated that the defendant, although requested, never placed in his hands the claim against Donohue, for which omission it was insisted that the defendant was liable to pay the $100 mentioned in the agreement. The defendant "settled this account," by taking four notes of Donohue, amounting, together, to about $800—the claim being for $1,087 79. It was proposed by the defendant to send the four notes to the witness for collection, but he refused to undertake their collection in view of the length of time to intervene before their maturity. One of these notes, however, was received by the witness, but no steps were taken to obtain its payment, for the reason, the witness stated, that they would prove of no avail.

On behalf of the defence the defendant himself was called, and stated that he was advised by Lincoln to obtain notes from Donohue, in view of the difficulty in proving the original claim against him, which arose upon a sale of goods. The defendant produced a letter, written by him to Lincoln, enclosing Donohue's notes, and stating that they had been taken in settlement of the account, as the debtor was so situated that an attempt to enforce payment would be futile. The letter requested a resort to " easy means."

Lincoln being recalled, denied that he had ever advised the defendant to take the notes from Donohue.

The plaintiff claimed twenty-five per cent. upon the Donohue account, ten per cent. upon specified claims not recovered, twenty-five per cent. upon certain sums collected, and $100 as a forfeiture.

The Marine Court disallowed the forfeiture, but awarded a judgment in favor of the plaintiff, and decided that the claim against Donohue was settled, compromised and disposed of, within the meaning of the agreement. The defendant appealed to this court.

*James M. Smith, Junior*, for the defendant.

*Alexander Spaulding*, for the plaintiff.

By the Court. Ingraham, First J.—The assignment of the claim by Lincoln to the plaintiff was sufficient. There appears to have been a sufficient consideration for it in the agreement to return two notes. No consideration, however, is necessary to the validity of such an assignment. A man may sell a claim for one dollar, or one thousand dollars, or he may give it away. The debtor cannot object to the assignment that his creditor has disposed of a claim he held against him for less than its value. It is his duty to pay the debt—not refuse payment because his creditor has sold it at a cheap rate or given it away.

There was evidence enough to warrant the recovery of 10 per cent. on the small sums prosecuted but not collected, and of 25 per cent. on the amount collected.

As to the allowance of the claim against Donohue, however, I think the court erred. If the notes taken for this claim were taken on the suggestion of Lincoln, as is sworn to by Fox, because the debt could not be proved by other testimony, then the time has not arrived to decide whether the plaintiff would be entitled to have 25 per cent. or not. It would still be in a process of collection, and until it is ascertained that the money can be collected on the notes, Lincoln or his assignee would not be entitled to any per centage.

If Fox had not placed the claim in the hands of Lincoln for collection, he would be liable to damages—not the sum of $100, as stated in the agreement, for that is only the penalty, and is not liquidated damages. He would only be entitled to damages which he could prove, not exceeding the $100; or, perhaps, under the wording of this contract, the plaintiff might consider the debt of Donohue as not collectable, and be entitled to receive 2½ per cent. on the amount.

But I see nothing to warrant the allowance of 25 per cent. on that claim. Fox received the notes of Donohue for the

Mills *v.* Fox.

claim in a less amount than the claim itself—because, as he says, enforcing the claim would avail nothing—and within the eight months, during which the claim was not to be sued, two of the notes had become due, and Fox had sent one of them to Lincoln to collect. In August, 1854, Lincoln says he then told Carvalho, the clerk of Fox, that he could do nothing with the notes. The account against Donohue was not to be prosecuted within eight months, and if within that time Lincoln admitted he could do nothing with a note of $175, it is very fair to presume that he could not collect a claim for $1,087 79.

Lincoln denies the alleged conversation, as stated by Fox. Although it is not very material to the disposition of this case, still it shows the danger of permitting parties interested in claims to be witnesses in their own behalf. One of the other of these parties has sworn to what is untrue, and such, in many cases, is the result of this new provision of the law, which is intended to promote the elucidation of the truth. Without resting the decision of the case at all upon this part of it, in which there is such a contradiction, under no circumstances could there be allowed to the plaintiff on this claim more than $2\frac{1}{2}$ per cent. under the contract.

The claim has not been settled, compromised or received by Fox, nor has he disposed of it. He has changed its form from a book debt to notes; whether he reduced the amount or not, would be immaterial, because the contract provides that the $2\frac{1}{2}$ per cent. shall be upon the amount of the whole claim. The inability to collect $175, part of the claim, within the eight months, shows that it was not of any value, and leaves the plaintiff entitled to nothing more than the $2\frac{1}{2}$ per cent. agreed upon in the contract.

If the plaintiff consents within ten days to reduce the judgment to $50 75, the judgment is affirmed for that amount, and costs of the court below, without costs of appeal. If not, the judgment is reversed, with costs.

Adjudged accordingly.